

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

Maria L. Lomeli )
)
)
)
Plaintiff(s), )
)
v. )
Dynamic Manufacturing, Inc. )
)
)
)
Defendant(s). )

**FILED**

JUL 24 2025 Jxm

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Case Number: _____

1:25-cv-08493
Judge LaShonda A. Hunt
Magistrate Judge Maria Valdez
RANDOM/CAT. 2

### COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is __Maria L. Lomeli__ of the county of __Cook__ in the state of __Illinios__.

3. The defendant is __Dynamic Manufacturing, Inc.__, whose street address is __4201 Raymond Dr.__,
(city)__Hillside__ (county)__Cook__ (state)__IL__ (ZIP)__60162__
(Defendant's telephone number) (__708__) – __343-8753__

4. The plaintiff sought employment or was employed by the defendant at (street address)
   __4201 Raymond Dr.__ (city)__Hillside__
   (county)__Cook__ (state)__IL__ (ZIP code)__60162__

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

*[If you need additional space for ANY section, please attach an additional sheet and reference that section.]*

5.      The plaintiff [*check one box*]

   (a)   ☐   was denied employment by the defendant.

   (b)   ☐   was hired and is still employed by the defendant.

   (c)   ☑   was employed but is no longer employed by the defendant.

6.      The defendant discriminated against the plaintiff on or about, or beginning on or about, (month)__November__, (day)__5__, (year)__2024__.

7.1     (*Choose paragraph 7.1 or 7.2, do not complete both.*)

   (a)   The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☑*has* ☐*has not* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

      (i)   ☐ the United States Equal Employment Opportunity Commission, on or about (month)_____ (day)_____ (year)_____.

      (ii)  ☑ the Illinois Department of Human Rights, on or about (month)__May__ (day)__27__ (year)__2025__.

   (b)   If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☑ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days.**

   It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2     The defendant is a federal governmental agency, and

   (a)      the plaintiff previously filed a Complaint of Employment Discrimination with the

*[If you need additional space for ANY section, please attach an additional sheet and reference that section.]*

Rev. 06/27/2016

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

defendant asserting the acts of discrimination indicated in this court complaint.

☐ Yes (month)_____ (day)_____ (year)_____

☐ No, did not file Complaint of Employment Discrimination

(b)    The plaintiff received a Final Agency Decision on (month)_____

(day)_____ (year)_____.

(c)    Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ Yes    ☐ No, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ Yes    ☐ N0, but a copy will be filed within 14 days.

8.    *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☑    the United States Equal Employment Opportunity Commission has not

issued a *Notice of Right to Sue.*

(b) ☐    the United States Equal Employment Opportunity Commission has issued

a *Notice of Right to Sue,* which was received by the plaintiff on

(month)_____ (day)_____ (year)_____ a copy of which

*Notice* is attached to this complaint.

9.    The defendant discriminated against the plaintiff because of the plaintiff's [*check only*

*those that apply*]:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(c) ☑ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the ADA by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791; and for the ADEA, 29 U.S.C. § 626(c).

12. The defendant [*check only those that apply*]

(a) ☐ failed to hire the plaintiff.

(b) ☑ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☑ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☐ failed to stop harassment;

(g) ☑ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☑ other (specify): ___Terminated plaintiff's health insurance while on protected leave and___

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

demanded early return to work in violation of FMLA.

13.     The facts supporting the plaintiff's claim of discrimination are as follows:

On or about November 5, 2024, I reported misconduct by my immediate supervisor

After reporting, I was subjected to retaliation. I filed a formal retaliation complaint with

with Human Resources, but instead of addressing it, I was pressured to take FMLA leave.

While on approved leave, my health insurance was terminated in mid-June 2025, and I was demanded

to return to work early in violation of my protected leave. While attempting to resolve the matter through

outside counsel, I was wrongfully terminated. These actions violated my rights under the FMLA and ADA

14.     *[AGE DISCRIMINATION ONLY]* Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15.     The plaintiff demands that the case be tried by a jury. ☑ Yes ☐ No

16.     THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a)     ☐ Direct the defendant to hire the plaintiff.

(b)     ☐ Direct the defendant to re-employ the plaintiff.

(c)     ☐ Direct the defendant to promote the plaintiff.

(d)     ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e)     ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f)     ☑ Direct the defendant to (specify): _____

Reinstate lost health insurance benefits and correct adverse employment actions

taken during protected leave.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

(g) ☑ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☑ Grant such other relief as the Court may find appropriate.

_Maria Lomeli_ — Pro Se
(Plaintiff's signature)

MARIA L LOMELI
(Plaintiff's name)

1527 N. 16th Ave MELROSE PARK, IL 60160
(Plaintiff's street address)

(City) MELROSE PARK (State) IL (ZIP) 60160

(Plaintiff's telephone number) (708) – 310 – 2973

Date: 07/24/2025

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

## UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Maria L. Lomeli,
Plaintiff,

v.

Dynamic Manufacturing, Inc.,
Defendant.

Case No.

## ATTACHMENT TO SECTION 13 – FACTS SUPPORTING CLAIM

Key supporting documents are attached as Exhibits A–F, including the retaliation complaint, the demand for early return during protected leave, the health insurance termination notice, and the termination letter. Additional evidence will be provided during the course of this case.

# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Maria Lomeli,
Plaintiff,

v.

Dynamic Manufacturing, Inc.,
Defendant.

Case No.

## EXHIBIT A
Formal Retaliation Complaint to Human Resources

 Gmail

Joaquin Lomeli <lomj09@gmail.com>

## CONFIDENTIAL: Formal Complaint Regarding Workplace Harassment and Discrimination

**Joaquin Lomeli** <lomj09@gmail.com>                                        Fri, Jan 17, 2025 at 12:36 PM
To: mneetz@dmimail.com
Cc: Maria Lomeli <mlomeli@dmimail.com>

Good day,

It is unfortunate that I must report this matter on behalf of Maria Lomeli who is copied in. Please consider this a formal complaint against all parties involved due to an alleged toxic work environment and discrimination.

There are several concerns that require immediate attention.

The primary concern is the harassment Maria has been receiving from her direct supervisor, Tyrell. Maria has repeatedly been picked on for reasons outside of her control. For example, if Maria cannot pay one of the vendors due to a lack of communication and direction among other departments and their respective leaders, it is not her fault if the company is placed on a credit hold with said vendor. Tyrell's behavior in these situations has been unprofessional and disrespectful. Tyrell continues to micromanage Maria, addressing her in an unprofessional and condescending tone, and has also addressed her inappropriately in front of her peers.

This behavior was previously reported to Tyrell's supervisor, Paul Dowdakin, on November 6, 2024. While the matter was addressed at that time, Tyrell continues to engage in the same patterns of behavior. Maria has been forced to seek medical attention due to the stress and the toxic work environment she has endured. Maria also feels that she is the only individual in her department subjected to such treatment.

Additionally, Tyrell assured Maria that she would not be assigned new accounts due to her existing workload; however, that assurance has not been honored. This demonstrates a continued lack of direction and organization from Maria's direct supervisor.

Maria has informed me that Tyrell held a one-hour-and-thirty-minute discussion with her, during which your HR representative, Margo, was present. This meeting addressed the same issues mentioned above, many of which are outside Maria's control. During the meeting, Maria explicitly expressed that she feels targeted and discriminated against.

I also request an explanation as to why Maria's employment status was changed from hourly to salary some time ago. Please provide clarification regarding the rationale behind this decision.

In addition, the reserved parking spaces were revoked last year; however, certain individuals still retain their assigned parking spaces. With Maria's documented health condition, it has been challenging for her to find parking on the lot, which directly impacts her ability to begin her shift. Please explain the reasoning behind the revocation of reserved parking spaces and clarify how it was determined which individuals would retain their assignments.

Finally, Maria is requesting a digital or mailed copy of her complete employee file. Per legal requirements, you are obligated to provide this within seven (7) days of this request.

For the time being, Maria does not feel safe being on-site and will work remotely until this matter has been reviewed and addressed. Maria does not feel comfortable continuing to interact with Tyrell, and such interactions must cease immediately. If there are any objections to this arrangement, please notify me without delay. Additionally, I respectfully request to be present at the time of any meeting regarding this matter, whether it is conducted on-site or virtually. I will make myself available to accommodate the scheduling of such discussions.

Please confirm receipt of this formal complaint and provide a timeline for addressing these concerns. Maria deserves a safe and respectful work environment, and these matters must be resolved promptly.

Best regards,

Joaquin Lomeli

## UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Maria Lomeli,
Plaintiff,

v.

Dynamic Manufacturing, Inc.,
Defendant.

Case No.

## EXHIBIT B
Email Demanding Early Return to Work While on Approved Leave

7/23/25, 2:06 PM                                                      Gmail - status update

 Gmail                                                  Joaquin Lomeli <lomjx21@gmail.com>

## status update

**Joaquin Lomeli** <lomjx21@gmail.com>                                    Thu, Jun 12, 2025 at 11:09 AM
To: Margo Neetz <MNeetz@dmimail.com>
Cc: "marialom827@gmail.com" <marialom827@gmail.com>

Margo,

Following our phone conversation just now, you stated that her individual health insurance was canceled on the last day of April 2025. I mentioned that she never received the notice. You provided the notice of due premiums, but you did not give Maria enough time to secure payment, due to the financial distress this entire event has caused.

I have informed you that she is under medical care, and I understand that the doctor's note from Tracey Sanders does not suffice. However, it was an attempt to provide proof that she is under doctor's care. Her doctor stated she is not ready to return to a toxic work environment under the same supervisor.

You mentioned that she will be receiving COBRA in the mail. I offered to drive and pay cash for her outstanding balance, but you advised against that and suggested waiting for COBRA. I understand that COBRA is separate from her group plan, and you indicated that if she pays COBRA, she will be able to rejoin the company's group plan. Please clarify how this process works, as I do not believe this will be the case.

As a reminder, formal complaints have been filed with the state department regarding her workers' compensation and short-term disability claim. The charges filed with the Illinois Human Rights Department are currently under review. For the record, New York Life was requesting the documentation from the wrong entity, and I had to do their job and figure that out.

Furthermore, by canceling her coverage, you will deny her proper care for the physical and mental abuse caused by you, Dynamic, and Tyrell Walsh.
Best,
[Quoted text hidden]

[Quoted text hidden]

**Maria Lomeli COBRA 6.13.2025.pdf**
188K

 Gmail

Joaquin Lomeli <lomjx21@gmail.com>

## status update

**Margo Neetz** <MNeetz@dmimail.com>                           Mon, Jun 16, 2025 at 3:21 PM
To: Joaquin Lomeli <lomjx21@gmail.com>
Cc: "marialom827@gmail.com" <marialom827@gmail.com>

I have attached the packet that has been sent to Maria regarding COBRA.  Again it is important that Maria contact me regarding her status.  Current approved ADA ends today.



**Margo Neetz**

**VP of Human Resources, Dynamic Mfg.**

t: 708-397-4862| m: 815-531-7652

e: MNeetz@dmimail.com | w: www.DynamicManufacturingInc.com

a: 4201 Raymond Dr., Hillside, IL 60162

*Honor The Legacy, Pioneer The Future!*



*CONFIDENTIALITY NOTICE:*
*This email and the attachment(s) hereto (if any) contain confidential Information that is privileged and intended only for the addressee(s) hereof. If you are not an intended recipient, you are hereby notified that any disclosure, copying, distribution or use of this email and/or the accompanying attachment(s) is strictly prohibited. If you have received this email in error, please immediately notify the sender by return email.*

**From:** Joaquin Lomeli <lomjx21@gmail.com>
**Sent:** Thursday, June 12, 2025 11:17 AM
**To:** Margo Neetz <MNeetz@dmimail.com>
**Cc:** marialom827@gmail.com
**Subject:** Re: status update

⚠ **CAUTION: Message received from External Source. Exercise caution when opening attachments, clicking links, or exchanging information.**

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

Maria Lomeli,
Plaintiff,

v.

Dynamic Manufacturing, Inc.,
Defendant.

Case No.

## EXHIBIT C

Notice of Health Insurance Termination



**DYNAMIC**

*THE LEGACY OF JOHN PARTIPILO*

**VIA EMAIL AND OVERNIGHT DELIVERY**

Maria Lomeli
1527 N 16th Avenue
Melrose Park, IL 60160
marialom827@gmail.com
lomjx21@gmail.com

June 11, 2025

Dear Maria:

Your approved ADA leave of absence will end on June 16. For your reference, below is a summary of key dates related to your current leave:

- **February 10 – May 2:** Continuous FMLA approved
- **May 2:** FMLA leave exhausted
- **May 3 – June 16:** ADA leave approved
- **June 17 – September 8:** dates of pending request for extension of ADA leave

On June 2, you submitted a request to FMLA Source to extend your current ADA leave until September 8. In response to that request, FMLA Source requested that you provide a medical certification supporting the need for an extension. You have not yet provided any certification, and therefore no decision has been made concerning an extension of your leave.

The note you submitted to FMLA Source on June 2 from Tracey Sanders, LCPC (dated May 22) is insufficient to support an extension of your leave because it consists of a single sentence that states you are under Ms. Sanders's care for weekly mental health services. The note provides no information about whether an extension of your leave is medically necessary, a date on which you are expected to be able to return to work, or any other information to assist in evaluating your request for an extension.

We also did not receive a response from you to our letter detailing the outstanding unpaid premiums due for your benefits, which you are required to pay to continue your coverage. As detailed in the attached letter that we mailed to you on May 7 and emailed on May 15, your benefits were retroactively cancelled due to the lack of payments for more than 30 days.



We need to speak with you to discuss your current leave and return to work, given that your current leave will end on June 16. Unless you submit additional documentation to FMLA Source to support the requested extension of your leave and the extension is approved on or before June 16, we expect you to return to work on June 17. You will be expected to work in the office from June 17 – June 20.

Please contact me promptly to discuss your situation. While we have communicated with Joaquin Lomeli during your leave in accordance with the authorization you submitted on February 10, it is important that we speak to you directly.

Sincerely,

Margo Neetz
VP of Human Resources

4201 Raymond Drive
Hillside, IL 60162
(708)343-8753

## UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

Maria Lomeli,
Plaintiff,

v.

Dynamic Manufacturing, Inc.,
Defendant.

Case No.

## EXHIBIT D

Termination Letter



**VIA EMAIL, U.S. MAIL, AND FEDEX OVERNIGHT DELIVERY**

Maria Lomeli
1527 N 16th Avenue
Melrose Park, IL 60160
marialom827@gmail.com
lomjx21@gmail.com

July 16, 2025

Dear Maria:

As you know, you have been off work since February 2, 2025, and your right to reinstatement under the FMLA has expired. Subsequent to the expiration of your FMLA leave, we approved additional leave as an accommodation under the ADA from May 3, 2025 to June 16, 2025.

It is my understanding that you have requested an additional extension of leave through July 31, 2025. It is my further understanding that in support of your additional extension request, your health care provider stated that you are currently unable to return to work in any capacity and that you do not have a definite return to work date. Given this information, coupled with other information I have received regarding your return to work status, you will receive a notice from FMLA Source denying your request for an additional extension.

Given my understanding of your return to work status, your employment with Dynamic is terminated effective July 16, 2025. If you believe my understanding of your return to work status is incorrect, please contact me immediately so we can discuss how to proceed.

Sincerely,

Margo Neetz
VP of Human Resources

**4201 Raymond Drive**
**Hillside, IL 60162**
**(708)343-8753**

## UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

Maria Lomeli,
Plaintiff,

v.

Dynamic Manufacturing, Inc.,
Defendant.

Case No.

## EXHIBIT E

Exhibit E – IDHR Charge of Discrimination

 Gmail

**Maria Lomeli <marialom827@gmail.com>**

# Your Filing with the Illinois Department of Human Rights

**IDHR.Intake** <IDHR.Intake@illinois.gov>
To: "marialom827@gmail.com" <marialom827@gmail.com>

Wed, Jun 11, 2025 at 8:49 AM

Hello:

Thank you for submitting your filing to the Illinois Department of Human Rights. This email shall serve as confirmation that your filing has been received:

- Date Received: 05/27/2025
- IDHR Control #: 250611002
- Next Step: Assignment to Intake Investigator for review

Once assigned, the Intake Investigator will reach out to you directly via letter, telephone, or email to possibly obtain any missing or clarifying information.

Please note that due to current staffing levels and the volume of filings, it is currently taking between 16 to 20 weeks for assignment to an Intake Investigator. Thank you for your patience.

When reaching out to the Intake Unit for questions, please be sure to reference the IDHR Control # above.

Thank you,



**INTAKE UNIT**

**CHARGE PROCESSING DIVISION**

**Illinois Department of Human Rights (IDHR)**

555 West Monroe Street, 7th Floor
Chicago, IL 60661

312.814.6200 (t) 866.740.3953 (TTY)

312.814.6251 (f)

**Follow us:** Facebook, Twitter, Instagram & LinkedIn
**Visit us online:** illinois.gov/DHR

State of Illinois - CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff

communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

Maria Lomeli,
Plaintiff,

v.

Dynamic Manufacturing, Inc.,
Defendant.

Case No.

## EXHIBIT F

Supplemental Detailed Complaint

# IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

Maria Lomeli,
Plaintiff,

v.

Dynamic Manufacturing, Inc.,
Defendant.

Case No. [to be assigned]

# COMPLAINT

Plaintiff, Maria Lomeli ("Plaintiff"), for her Complaint against Dynamic Manufacturing, Inc. ("Defendant"), states as follows:

I. PARTIES
1. Plaintiff is a resident of Cook County, Illinois, and a former employee of Defendant.
2. Defendant is an Illinois corporation with its principal place of business in Hillside, Illinois, and at all relevant times was an "employer" within the meaning of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

II. JURISDICTION AND VENUE
3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, including the FMLA and ADA.
4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred within this District.

III. FACTUAL ALLEGATIONS
5. Plaintiff began her employment with Defendant on or about February 5th, 2003.
6. On or about November 5th, 2024, Plaintiff reported her immediate supervisor for misconduct.
7. After making this report, Plaintiff's supervisor began retaliating against her through adverse treatment and a hostile work environment.
8. Plaintiff subsequently submitted a formal retaliation complaint to Defendant's Human Resources Department on or about January 17th, 2025.
9. Instead of addressing the retaliation complaint, Defendant pressured Plaintiff to take

FMLA leave rather than investigating or remedying the workplace misconduct.

10. Plaintiff's FMLA leave was approved; however, while she remained on protected leave, Defendant terminated her medical coverage on or around June 15, 2025, causing her significant financial and health-related harm.

11. Defendant further demanded Plaintiff return to work while she was still on approved FMLA leave, in violation of her rights under federal law.

12. While Plaintiff was attempting to resolve the matter in good faith through outside counsel, Defendant abruptly and wrongfully terminated her employment on or about 7/16/2025

13. Defendant's actions were willful, retaliatory, and in direct violation of Plaintiff's rights under the Family and Medical Leave Act (FMLA) and the Americans with Disabilities Act (ADA).

14. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered lost employment benefits, loss of health insurance, emotional distress, reputational harm, and economic damages.

## IV. CLAIMS FOR RELIEF

### COUNT I – FMLA INTERFERENCE AND RETALIATION

15. Plaintiff realleges and incorporates by reference paragraphs 1 through 14 as though fully set forth herein.

16. Plaintiff was an eligible employee under the FMLA.

17. Defendant interfered with Plaintiff's rights under the FMLA by terminating her health insurance and demanding her early return during approved protected leave, and by ultimately terminating her employment while she remained on protected leave.

18. Defendant retaliated against Plaintiff for exercising her rights under the FMLA by demanding her premature return, cutting her health insurance, and terminating her employment while on leave.

19. As a result, Plaintiff has suffered damages, including lost benefits and compensatory damages.

### COUNT II – DISABILITY DISCRIMINATION UNDER THE ADA

20. Plaintiff realleges and incorporates by reference paragraphs 1 through 14 as though fully set forth herein.

21. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

22. Defendant failed to provide reasonable accommodations and instead terminated Plaintiff because of her actual or perceived disability and/or her request for accommodation.

23. Defendant's conduct was intentional and/or in reckless disregard for Plaintiff's federally protected rights.

24. As a result, Plaintiff has suffered damages including emotional distress, lost benefits, and other compensatory damages.

## V. DAMAGES

25. As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered and continues to suffer:

- Loss of employment benefits, including health insurance and related coverage;
- Lost wages that would have been earned upon returning from protected leave;
- Back pay from the date of termination through the date of judgment;
- Front pay in lieu of reinstatement, representing future lost earnings and benefits;
- Emotional distress, mental anguish, humiliation, and loss of enjoyment of life;
- Damage to her professional reputation and diminished future earning capacity; and
- Out-of-pocket expenses, including medical costs that would have been covered by insurance.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the following relief:

a. Declare that Defendant's actions violated the FMLA and ADA;

b. Award Plaintiff back pay, front pay in lieu of reinstatement, lost benefits, and compensatory damages;

c. Award punitive damages for Defendant's willful and intentional violations;

d. Award Plaintiff her costs incurred in pursuing this action; and

e. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury on all claims so triable.

Respectfully submitted,

*Maria Lomeli – Pro Se*

Maria Lomeli
1527 N. 16th Ave.
Melrose Park, IL 60160
708-310-2973